**170**

In the Matter of Arnaldo LORETO, Bankrupt.

Omar FIGUEROA, Plaintiff,

v.

Arnaldo LORETO, Defendant.

Bankruptcy No. 79–965–BK–JE–B.

United States Bankruptcy Court, S. D. Florida.

Jan. 10, 1980.

Mark Dienstag, Miami, Fla., for plaintiff.

Luis Medina, Miami, Fla., for defendant.

Robert A. Schatzman, Miami, Fla., trustee in bankruptcy.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This creditor's adversary complaint opposes the bankrupt's discharge under § 14c(2) and (7) of the Act, 11 U.S.C. § 32. (C.P. No. 1) The 1978 Code does not govern this case, which was filed before October 1, 1979. 11 U.S.C. prec. § 101. Plaintiff, alternatively, seeks a determination that its claim is not dischargeable under the provisions of § 17a(2) and (4). The bankrupt has answered. (C.P. No. 3) The trial, which was continued at the bankrupt's request, was held before me on January 4, 1980. This order is a memorandum of decision under B.R. 752(a).

The facts are not in serious dispute. On September 6, 1977, the creditor gave the bankrupt $52,000 as an investment in the purchase of a truck stop. The parties had had previous business dealings in Venezuela. The arrangement was informal and vague, but the parties ultimately agreed that the business would be owned and operated through a corporation with the parties holding nearly equal shares of the stock. The bankrupt would manage the business. The corporation was formed and, after some delay, the creditor's share of the stock was delivered to plaintiff's friend, Colon, because plaintiff was in Venezuela. The truck stop was purchased and all of the creditor's money was used in the purchase.

The business languished and in October, 1979, its management was surrendered to a principal creditor, the bankrupt abandoning any role in management. No paper work or any other formalities accompanied the management change. Title to all the assets remains in the corporation which is not involved in bankruptcy.

Section 14c(2) denies discharge to a bankrupt who has:

". . . failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case."

Section 14c(7) denies discharge if the bankrupt:

". . . has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

 The bankrupt has no records at all. He explained on November 20, 1979 that he had no bank statements, checks, deposit slips and did not know where they were. "The accountant might have them. I'm not sure." He then said, a little later:

"Those statements, when I moved, I don't know where they went to.

Q. You just sort of left them someplace?

A. I think I threw them away . . because when I moved, I believe I just took the clothes and nothing else, television, nothing. I didn't pick up anything from the house."

At the trial before me, he said that his accountant had kept all of his records and that he tried to get them a month before trial. He offered no further explanation.

I find that the bankrupt has failed to keep any books or records from which either his financial condition or business transactions might be ascertained and that his failure to do so has not been justified. *Collier on Bankruptcy*, (14th ed.) ¶ 14.31–33. The bankrupt must be denied discharge under § 14c(2).

The bankrupt invested all of plaintiff's investment in the purchase of the truck stop and took title in the name of Zamora Truck Stop, Inc. Title remains in that status. The bankrupt has not adequately explained the present disposition of that asset, because no records were kept of the business he managed for the two parties. The evidence before me does not justify any finding that the asset has been lost, although of course I would not be surprised

if that were the case. Half of the ownership of the corporation remains in the plaintiff and there is simply no evidence before me as to its present value. Plaintiff has not carried his burden of proving his charges under § 14c(7). See *Collier on Bankruptcy*, (14th ed.), ¶ 14.59–60.

Similarly, plaintiff has not carried his burden of proving his alternative allegations under § 17a(2) and (4). There is no evidence of false representations by the bankrupt (*Collier on Bankruptcy*, (14th ed.) ¶ 17.16) and there is no evidence of "fraud, embezzlement, misappropriation or defalcation" by the bankrupt. *Collier on Bankruptcy* (14th ed.) ¶ 17.24[2]. These alternative allegations, however, become moot in view of the denial of discharge under § 14c(2).

As is required by B.R. 921(a), a separate judgment will be entered denying discharge under § 14c(2). Costs will be taxed on motion.