In re Daniel and Dorothy MULLY, Debtors.

HENRIETTA BUILDING SUPPLIES, INC., Plaintiff,

v.

Daniel and Dorothy MULLY, Defendants.

In re Frank and Nancy MULLEY, Debtors.

HENRIETTA BUILDING SUPPLIES, INC., Plaintiff,

v.

Frank and Nancy MULLEY, Defendants.

Bankruptcy Nos. 81–20067, 81–20068.
Adv. Nos. 81–2115A, 81–2114A.

United States Bankruptcy Court,
W. D. New York.

Jan. 19, 1982.

Angelo T. Calleri, Rochester, N.Y., for plaintiff.

Sammy Feldman, Rochester, N.Y., for defendants.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiff, herein, has filed an objection to discharge against the subject debtors, who were engaged as partners in a partnership known as American Dry Wall Systems. The objection is based upon 11 U.S.C. § 727(a)(2)(3) and (4).

At the trial, the following facts appeared. Both debtors and their wives filed petitions

in bankruptcy on or about January 16, 1981. A year earlier in January, 1980, the debtors, Daniel Mully and Frank Mulley, were engaged as partners in a business which was known as American Dry Wall Systems. American Dry Wall Systems did residential dry wall work. Both partners, while they spell their names differently, are cousins. They also have a cousin whose name is John Conti and he in January, 1980, was engaged as a subcontractor doing acoustical ceilings, metal stud partitions and insulation work. In the spring of that year, he began to work with Daniel Mully and Frank Mulley in American Dry Wall Systems. An ad was taken out in the yellow pages which listed all three cousins. On several occasions, statements were made that the three people were engaged in a business relationship which laid the foundation for the present lawsuit.

At sometime in the spring of 1980, Mr. Conti became associated with American Dry Wall Systems in the performance of its business. There was no written partnership agreement between the three cousins. Daniel Mully and Frank Mulley filed a d/b/a in the name of American Dry Wall Systems. Daniel Mully's, Frank Mulley's and John Conti's testimony at the trial indicated that Conti was a subcontractor rather than a partner. However, in the course of their dealings, each man received $400 a week from the business when the money was available. The business bought and provided tools for the cousins. Sometime in the summer of 1980, all three men went to the same dealer and through the same bank bought pick-up trucks which were registered in the name of each individual. The down payments, in Mr. Conti's instance, was the rebate from the Ford dealership. Up till December of 1980, American Dry Wall Systems paid each cousin's truck registration fee, monthly payment to the bank on each truck, paid the insurance on each truck, paid for the gas for each truck and paid for repairs and tires for each truck. American Dry Wall Systems also paid each cousin's Blue Cross and Blue Shield and paid Conti's union dues. Mr. Conti lent American Dry Wall Systems or his cousins,

Daniel Mully and Frank Mulley, some $750 to pay subcontractors. He only received $250 of this loan back. Other subcontractors that worked for American Dry Wall Systems submitted bills by the amount of work done. Conti took an even-steven division from the business. During the eight months that Conti was with the business, he drew between $9,500 and $9,900 from the business and Daniel Mully and Frank Mulley each drew a similar amount.

In both Daniel Mully's and Frank Mulley's schedules, they list each other as 50% partners in American Dry Wall Systems. The creditor, based upon the foregoing facts, claims that Conti was a partner in American Dry Wall Systems and the concealment of the relationship with Conti in the schedules is the basis for the objection under 11 U.S.C. § 727(a)(2)(3) and (4).

11 U.S.C. § 727(a)(2) says as follows: (a) The court shall grant the debtor a discharge, unless—
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition;

This section deals with the transfer or concealment of property with the intent to hinder, delay or defraud a creditor or the trustee. The facts in this case show that the only property which might have been concealed would be the truck which Mr. Conti received. Certainly the money and the truck payments were less than the amount that Mr. Conti would have received had he been a subcontractor. Therefore, this Court cannot see how the creditor has proved an intent to hinder, delay or defraud either the creditor or the trustee by transferring property within a year of filing the petition.

11 U.S.C. § 727(a)(3) says as follows:

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

▆ This section is predicated upon the falsification or failure to keep records. The books of the company, namely, the checkbook, that was introduced into evidence, spell out all payments to Mr. Conti. There was no attempt to conceal or falsify books and therefore, this action too has to fail.

11 U.S.C. § 727(a)(4) says as follows: (4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property of financial affairs;

▆ The only possible proof under this particular procedure is the failure by both debtors to list Conti as partner. From their testimony, Daniel Mully and Frank Mulley did not think of Conti as a partner even though they treated him as one in some respects. Therefore, there is no knowing and fraudulently false oath to the schedules.

Based upon the foregoing it is the conclusion of this Court that the creditor has failed to prove a cause of action under 11 U.S.C. § 727(a)(2)(3) and (4) and it is so ordered.