In re Thomas E. SHERMAN & Ruth E. Sherman, Debtors.

NATIONAL BANK OF BOYERTOWN, Plaintiff,

v.

Thomas E. SHERMAN & Ruth E. Sherman, Defendants.

Bankruptcy No. 80–02466K.
Adv. No. 81–1403K.

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 10, 1982.

---

Arthur E. Dennis, Philadelphia, Pa., for debtors/defendants.

Morton R. Branzburg, Gary P. Lightman, Philadelphia, Pa., for plaintiff.

James J. O'Connell, Philadelphia, Pa., interim trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this adversary proceeding, the National Bank of Boyertown (hereinafter referred to as National) has filed a complaint objecting to the discharge of the debtors. National made loans to the debtors, the principal of which was in excess of $60,000. The complaint alleges that the defendants prevented the plaintiff from investigating the debtors' financial condition by both destroying and failing to maintain records. After considering the evidence introduced at trial, and upon review of the memoranda of law submitted by counsel, the Court finds that one of the defendants, Thomas E. Sherman, is not entitled to a discharge in bankruptcy.[1]

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

For a number of years prior to filing the instant bankruptcy proceeding, the Shermans were real estate brokers licensed by the Commonwealth of Pennsylvania. After receiving the loan from National in 1978, Thomas Sherman participated in a number of real estate transactions.[2] Mr. Sherman, however, was only able to produce one agreement of sale, one settlement sheet, and federal income tax returns from 1978 through the present as evidence. Mrs. Sherman possessed a savings passbook as well as her tax returns. The plaintiff asserts that these records are wholly inadequate and provide no useful information regarding the debtor's financial condition.

At trial, held on April 28, 1982, Sherman testified that he had not destroyed any records concerning these real estate transactions.[3] In the deposition taken in August of 1981, however, the defendant stated that "... there were boxes of records that were placed on the curb and the trashman took them."[4] These records were discarded in January of 1981 when he moved his office. Sherman further testified that he had no records presently available which could reconstruct his business transactions.[5] The debtor was also uncertain as to whether the discarded records were relevant to any of the transactions at issue.[6] Sherman testified, furthermore, that he did not even examine these records to determine whether or not they should be retained.[7] It must also be noted that these records were destroyed after the filing of the petition in bankruptcy.

The only records available to the Court are tax returns, a settlement sheet, and an agreement of sale. Of the numerous transactions in which Sherman was involved, he supplied only two (2) documents. Both of these related to the same property. The defendants maintain that the tax returns provide sufficient documentation. These returns, however, do not provide adequate itemization as to each transaction. National, therefore, asserts that they were without any opportunity to determine the debtors' financial condition.

A dual requirement to maintain adequate records is imposed on this defendant. One obligation emanates from § 727(a)(3) of the Bankruptcy Code. The other is imposed by the law of the Commonwealth of Pennsylvania, which regulates the practices of real estate brokers. See 63 Pa.Stat.Ann. §§ 431 et seq. (Purdon).

Under § 727 of the Bankruptcy Code, a debtor is required to keep records of such a nature as to enable his creditors to ascertain his true financial condition. A debtor may be denied a discharge if he:

> ... has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

In a situation similar to the case at bar, the debtor testified to the concealment or destruction of financial records. *In re Hirsch,* 14 B.R. 59 (Bkrtcy.S.D.Fla.1981). In that case, the debtors were involved in the restaurant and catering business. The only record which Hirsch was able to produce at trial was a W–2 statement. Judge Gassen, with regard to the sufficiency of these records, stated as follows:

---

2. At trial, it was adduced that Mr. Sherman was involved in certain real estate transactions: the Seitz property which he purchased and subdivided, selling the subdivided lots in 1979; the Mull Estate in Bern Township, where Mr. Sherman received a finder's fee in 1978 or 1979; the Irish Creek Estate, Center Township, where he again received a finder's fee in 1978 or 1979; then, in 1979, the sale of two (2) Pottsown properties on behalf of the Sasha Corporation in 1979 where he received money for selling these properties.

3. Notes of testimony from hearing held on April 28, 1982 (hereinafter cited as N.T.) at p. 7.

4. N.T., p. 9.

5. N.T., p. 20 through p. 58.

6. N.T., p. 55.

7. N.T., p. 55.

Perfection in record keeping is not required, but creditors must reasonably be able to follow the debtor's business transactions, make intelligent inquiry, verify the oral statements and explanations of the bankrupt, and ascertain the present and past financial condition of the bankrupt with substantial completeness and accuracy.

*Hirsch,* at p. 62.

Mr. Sherman, a real estate broker licensed by the Commonwealth until December of 1979, was required to maintain records of transactions in which he was a participant for a period of three (3) years. 63 Pa.Stat.Ann. § 431 *et seq.* (Purdon), also known as the Real Estate Brokers License Act.[8] Although defendants maintain that these records were sufficient for an agency of their size, the Licensing act does not address the size of the agency. The duty is on the individual broker. In addition, testimony at trial revealed that it is customary for brokers to retain documents longer than the statutory period.[9]

No evidence was adduced at trial to indicate that Ruth Sherman participated in the destruction of any records; nor, has it been shown that Mrs. Sherman had any duty to maintain detailed records. The Court, therefore, will enter an Order granting the discharge in bankruptcy for Mrs. Sherman. The Court will also enter an Order denying the discharge of Thomas Sherman in accordance with this Opinion.

---

8. Real Estate Brokers License Act, 63 Pa.Stat. Ann. §§ 431 et seq. (Purdon), repealed and replaced by the Real Estate Licensing Act, 63 Pa.Stat.Ann. §§ 455.101:

  Sec. 101  Written Contracts
  (a) Each broker acting in any representative capacity in connection with a real estate transaction shall ensure that all contracts, commitments and agreements regarding the real estate transaction of which he has or should have knowledge are in writing.

  (b) No broker shall be party to any material false or inaccurate statements in such instruments.
  (c) Copies of such instruments shall be retained by the broker concerned for a period of three years.

9. David Lee Specht, a licensed real estate broker in the Commonwealth of Pennsylvania, testified that the practice of the general real estate community is to maintain records a minimum of six (6) to ten (10) years.