In re Freddie & Mary KINNEY, Debtors.

John J. HUNTER, Trustee, Plaintiff,

v.

Freddie L. KINNEY and Mary R. Kinney, Defendants.

Bankruptcy No. 82–0838.
Related Case: 82–01065.

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 23, 1983.

John J. Hunter, Toledo, Ohio, for plaintiff.

Lafayette Tolliver, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Complaint to Deny Discharge filed by the Trustee in this voluntary bankruptcy proceeding. The complaint alleges that the Defendant-Debtors failed to maintain adequate records of their business activities so as to qualify them for discharge under 11 U.S.C. § 727(a)(3). A Trial was held on this Complaint and the parties have submitted post-trial briefs arguing their respective positions. Subsequent to the Trial the Plaintiff submitted and was granted a Motion dismissing the Defendant's wife from this Adversary Complaint. She has since received her discharge.

## FACTS

The Debtor was the owner of three apartment buildings with a total of fifty-four (54) units, forty-seven (47) of which were in one building. The Defendant did not personally collect the rent from the tenants. When due, the rent was collected by an agent who went door-to-door throughout the buildings. The Defendant paid this agent a percentage of whatever he was able to collect. These payments were usually made in cash. The Defendant kept receipts of some of the payments as well as a log of the rent proceeds. A majority of these entries were kept on "a yellow legal pad" which was kept in the basement of the Defendant's apartment. The Defendant testified that this yellow pad contained only records of his rental income and payments to his agent, and did not reflect any disbursements or expenditures.

At some time between August and September of 1981, the city of Toledo experienced a flood, which resulted in the loss of what records the Defendant had kept. He testified that no records were kept after that time inasmuch as the Municipal Court had ordered these buildings vacated and closed. The Defendant's Federal Income Tax return reflects certain entries regarding these properties, however, he indicated that they were made entirely from memory.

## LAW

The denial of a discharge in bankruptcy is addressed by 11 U.S.C. § 727 which states in pertinent part:

"(a) The Court shall grant the Debtor a discharge, unless ... (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents,

records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case..."

■ The purpose of this section was to protect the creditor's interest by placing on the debtor the responsibility to take such steps as ordinary fair dealing requires and to allow the creditors the opportunity to learn what was done with the debtor's estate *In re LaBonte,* 13 B.R. 887 (Bkrtcy. Kan.1981). While the duty to maintain sufficient records depends upon the nature of the business, *Matter of Goldberg,* 2 B.R. 15 (Bkrtcy.S.D.Fla.1982), records are sufficient if they reflect with a fair degree of accuracy the debtor's financial condition. *Matter of Ramos,* 8 B.R. 490 (Bkrtcy.W.D.Wis. 1981). Although a debtor's records need not state in detail all transactions and need not be done in any specific manner, they must reflect with sufficient identity all transactions required to portray the debtors financial dealings. *Matter of Silverman,* 10 B.R. 727 (Bkrtcy.S.D.N.Y.1981), *In re Hirsch,* 14 B.R. 59 (Bkrtcy.S.D.Fla.1981). The intent to conceal is not relevant to this determination. The question is solely whether or not the records, which are required under the circumstances, fail to reflect the debtor's financial history. *In re Silverman,* supra.

In previous cases the Courts have generally denied discharges only when the debtor has failed to maintain any records or has not produced his records when requested to do so. *See, In re Silverman,* supra. *In re Hirsch,* supra, *Matter of Russo,* 3 B.R. 28 (Bkrtcy.E.D.N.Y.1980), *Matter of Loreto,* 2 B.R. 170 (Bkrtcy.S.D.Fla.1980), *In re Braidis,* 27 B.R. 470 (Bkrtcy.E.D.Pa.1983), *Broad National Bank v. Kadison,* 26 B.R. 1015 (D.N.J.1983), *In re Sherman,* 24 B.R. 507 (Bkrtcy.E.D.Pa.1982). However, Courts have been unwilling to deny a Debtor's discharge when he has maintained only minimal records, *In re Mully,* 16 B.R. 741 (Bkrtcy.W.D.N.Y.1982), explained the insufficiency of the records, *In re Bernson,* 15 B.R. 100 (Bkrtcy.S.D.Fla.1981), or failed to record all the transactions made. *In re Golowaty,* 13 B.R. 781 (Bkrtcy.Vt.1981). It

has been said that the sufficiency required by 11 U.S.C. § 727(a)(3) is an elusive characteristic which must be determined on a case by case basis. *In re Waldroop,* 22 B.R. 284 (Bkrtcy.N.M.1982).

■ It is apparent from the facts in this case that the destruction of the records is not determinative of whether or not the debtor is entitled to be discharged. There is no doubt that the Debtor's records have been irretrievably lost and that the Debtor was apparently not at fault for the loss. The question is whether or not the records would have been sufficient for purposes of 11 U.S.C. § 727(a)(3) had they survived. In this respect the Court must make a determination based solely upon the evidence offered at Trial.

A review of the testimony finds that the Debtor maintained a record of the rent that was collected and the payments made to his collecting agent. He testified that he remembered to record some of his expenditures, but that not all of what was taken out was entered. He further testified that these proceeds were used for business expenses and some of his personal expenses. The Debtor indicated what the rent was for each of the apartments and was, for the most part, able to recall when the apartments were occupied. The Debtor demonstrated a willingness to cooperate and was able to recount many of the transactions involving his business. He further indicated that he kept the books to the best of his ability.

It appears from both the testimony and the record that the Debtor did not at the time possess sufficient ability or knowledge to establish and maintain a bookkeeping system that was adequate for the business he had undertaken. The fact that his repeated attempts at this type of enterprise have ended similarly is evidence of this inability. While this Court has difficulty with the fact that the Debtor should have acquired and applied a working knowledge from his previous endeavors, it cannot find, from the evidence presented, that the feeble attempt at bookkeeping was motivated by an intent to conceal assets or defraud creditors. From the information which the

Debtor indicated was on the records, it further appears that the creditors would have been able to inquire into the Debtor's affairs and would have been provided enough information from which to make decisions concerning their rights. The Plaintiff has not shown how the records were so deficient so as to preclude such inquiry and has not contested the Debtor's explanation as to the actual whereabouts of the records.

Therefore, it must be concluded that the Debtor has at least minimally explained the actual absence of any records by virtue of their loss in the flood. It also must be concluded that the Plaintiff has failed in his burden to demonstrate that the records were sufficiently incomplete so as to justify the denial of discharge. It appears that given all the circumstances of this case, the records would have given the creditors enough information from which to inquire further into the Debtor's financial affairs. In reaching these conclusions the Court has considered all the evidence and arguments of counsel, whether or not specifically referred to in this Opinion.

It is ORDERED that the Complaint to Deny Discharge be, and it is hereby, DISMISSED.

It is FURTHER ORDERED that the Debtor's discharge hearing be set forthwith.