**In re Charles Lee BOWIE, Debtor(s).**

**Mary E. BOWIE, Plaintiff(s),**

v.

**Charles Lee BOWIE, Defendant(s).**

**Bankruptcy No. 86–0213.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 9, 1987.

James M. Perlman, Toledo, Ohio, for plaintiff.

Richard Quigley, Jr., Fremont, Ohio, for defendant.

### ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint Objecting to Discharge and Dischargeability of Debt. Several Pre–Trials were held on these matters and the parties were given the opportunity to file Pre–Trial briefs with the Court. At the Trial, the parties presented the testimony, documents and arguments they wished to have the Court consider in rendering its decision. The Court has reviewed the evidence and arguments presented. Based on that review, and for the following reasons, the Court finds that Plaintiff's Complaint Objecting to Discharge should be Granted.

### FACTS

Charles Lee Bowie and Mary E. Bowie were married in 1971 and divorced in 1985. Mary E. Bowie is a creditor of Charles Lee Bowie, being owed back alimony. During their marriage, Mr. Bowie was involved with two companies. Mr. Bowie was President and the incorporator of Pro Construction. Mr. Bowie testified that Pro Construction was primarily engaged in doing concrete work. After Pro Construction became insolvent, Mr. Bowie formed Alpha & Omega Concrete, which was never incorporated. Mr. Bowie also had certain real estate investments, primarily involving residential properties.

### LAW

This action is based on 11 U.S.C. § 727(a)(3), which states:

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

Under 11 U.S.C. § 727(a)(3), a Debtor must provide sufficient written financial information to permit creditors to follow the Debtor's business transactions, make intelligent inquiry, and ascertain the Debtor's present and past financial condition. Failure to provide such information, without a showing of circumstances warranting excusal, will result in the denial of the Debtor's discharge. *In re Dolin*, 799 F.2d

251, 253 (6th Cir.1986); *In re Tackett,* 67 B.R. 354, 359 (Bankr.E.D.Tenn.1986).

In the present case, Mr. Bowie was the President of Pro Construction. The company was started fifteen (15) or twenty (20) years ago and continued to do business until three (3) to eight (8) years ago. During good years, Pro Construction made between Eighty Thousand Dollars ($80,-000.00) and One Hundred Thousand Dollars ($100,000.00) a year in profits. Mr. Bowie was unclear of the date Pro Construction stopped doing business, stating that he did not need to know when the business ended. Mr. Bowie testified that he incorporated the business himself, but currently had absolutely no records of the corporation. He attributed the absence of records to his frequent moves from one residence to another.

After the demise of Pro Construction, Mr. Bowie attempted to start a new business, Alpha & Omega Concrete. Mr. Bowie testified that the company never did any business. However, the Plaintiff provided a 1984 form 1099, which showed a payment of Five Thousand Four Hundred Dollars ($5,400.00) to Pro Construction. Mr. Bowie had no records from Alpha & Omega Concrete. He did not know if tax returns had been filed for the company.

Mr. Bowie also had a number of parcels of real property, most of which appear to have been residential lots. Mr. Bowie stated that he currently owned only one bare lot, but had no records of his former holdings which had been foreclosed upon or sold.

Further, Mr. Bowie testified that he had no records of income received in 1984, 1985 and 1986. He filed no tax returns for those years.

In addition to the lack of business records, the Defendant did not list a monthly disability payment of One Hundred and Eighty Dollars ($180.00), asserting that he had forgotten about it because it had been going to his mother for such a long period of time.

It should also be noted that many of Mr. Bowie's statements to the Court contradicted his earlier responses in a sworn deposition.

Accordingly, the Defendant has not provided sufficient written financial information to permit creditors to ascertain the Debtor's present and past financial condition. Further, Mr. Bowie's explanation that the records were lost due to frequent moves cannot excuse the failure to "keep and preserve any recorded information". A review of the case law reflects that Courts have excused the absence of records when they have been lost as a result of some outside distructive force. *See, In re Kinney,* 33 B.R. 594 (Bankr.N.D. Ohio 1983); *In re Cohen,* 47 B.R. 871 (Bankr.S.D.Fla.1985). However, if the Court were to accept frequently changing residences as an excuse for the absence of records, the law would lose its enforceability and not serve its intended purpose.

In short, the Debtor has not provided the necessary records, nor any sufficient excuse for their absence. Further, the Debtor's testimony concerning financial matters was not credible.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Complaint Objecting to Discharge be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Debtor's discharge be, and is hereby, DENIED.

It is FURTHER ORDERED that the Objection to Dischargeability is DENIED, as it has been rendered MOOT.