**In re Arlo/Helen BOGGS, Debtors.**

**Robert SPILKER, et al., Plaintiffs,**

v.

**Arlo BOGGS, et al., Defendants.**

**Bankruptcy No. 91–3158.
Related No. 90–33992.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

April 21, 1992.

Max E. Rayle, Bowling Green, Ohio, for plaintiffs.

L. Mari Taoka, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on the Complaint Objecting to Discharge of the Debtors. At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, the exhibits which were admitted at Trial, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Debtors discharge should be denied.

## DISCUSSION

On November 14, 1990, Arlo and Helen Boggs, Debtors, filed a Bankruptcy Petition under Chapter 7 of the Bankruptcy Code. On May 3, 1991, Robert and Patricia Spilker, Plaintiffs, filed a Complaint Objecting to Discharge, pursuant to 727 of the Bankruptcy Code, alleging that the Debtors kept insufficient records of their real estate transactions.

The Plaintiffs contended that the Debtors did not maintain adequate records of their business affairs, thus the Plaintiffs were unable to ascertain the Debtors' financial status and properly evaluate the case. The Plaintiffs argued that none of the transactions involving the purchase or sale of real estate were documented and that it appeared that the Debtors transferred property without any consideration. They contended that without such records, Debtors should be denied their discharge.

The Debtors contended that their records were sufficient. They noted that prior to this proceeding, the Internal Revenue Service [hereinafter "IRS"] performed an audit and was satisfied with the documentation provided by the Debtors. The Debtors argued that since their records were adequate enough to sustain an IRS audit, those records should be sufficient to satisfy their Creditors in Bankruptcy. Therefore, they contended that sufficient records were maintained, and as a result, they should be granted their discharge.

Section 727 of the Bankruptcy Code provides in pertinent part that:

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances in the case; [or]

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(3)(5).

The purpose of this section was to protect the creditor's interest by placing on the debtor the responsibility to take such steps as ordinary fair dealing requires to allow the creditors the opportunity to learn what was done with the debtor's estate. While the duty to maintain sufficient records depends upon the nature of the business, records are sufficient if they reflect with a fair degree of accuracy the debtor's

financial condition. Although a debtor's records need not state in detail all transactions and need not be done in any specific manner, they must reflect with sufficient identity all transactions required to portray the debtors financial dealings. The intent to conceal is not relevant to this determination. The question is solely whether or not the records, which are required under the circumstances, fail to reflect the debtor's financial history. *See, In re Kinney*, 33 B.R. 594 (Bankr.N.D.Ohio 1983) (citations omitted).

Under 11 U.S.C. § 727(a)(3), a debtor must provide sufficient written financial information so as to permit creditors to follow the debtor's business transactions, make intelligent inquiry, and ascertain the debtor's present and past financial condition. *In re Bowie*, 80 B.R. 99 (Bankr. N.D.Ohio 1987); *In re Drenckhahn*, 77 B.R. 697, 708 (Bankr.Minn.1987). To determine sufficiency of evidence, one factor that can be taken into consideration is the sophistication of the debtor. This inquiry should include the education, experience, and the volume of the debtor's business. *In re Wilson*, 33 B.R. 689, 692 (Bankr. M.D.Ga.1983).

Arlo Boggs was a retired chemistry professor at Bowling Green State University [hereinafter "B.G.S.U."]. He taught Chemistry at B.G.S.U. for approximately Thirty-four (34) years. He had been involved with real estate for many years and was a founding partner of Equity Investments, a real estate investment company, in the early 1980's. Helen Boggs was a real estate broker for many years and worked as a loan teller at Mid–Am Bank for approximately One and One-half (1½) years. This Court believes that a person with this type of education, work experience, and real estate experience must certainly understand the need for adequate recordkeeping. This Court finds that adequate records were not kept and consequently, the Debtors' discharge will be denied.

One issue which was raised at Trial was whether there was sufficient documentation to support Arlo Boggs' contention that he relinquished his Sixty Percent (60%) interest in Equity Investments to his son, Roger, to satisfy outstanding debts to Roger. Arlo Boggs contended that his interest in Equity Investments was conveyed to Roger to satisfy debts owed to him in the amount of approximately Fifty-eight Thousand Eight Hundred Dollars ($58,800.00). However, while at Trial, Arlo Boggs was unable to produce sufficient documentation to explain the existence of this debt. The sole exhibit seemed to indicate, but was not conclusive thereof, that Arlo Boggs sold his interest in Equity Investments to his daughter-in-law, Angela, for One Dollar ($1.00). Furthermore, the exhibit was a letter from a Certified Public Accounting firm in Bowling Green, Ohio, which reflected that the promissory note involved in this debt was based upon "mistaken facts." This Court is not clear on the circumstances surrounding the debt and the testimony and exhibits only muddied the water. This Court believes that when a sum of this magnitude is owed, individuals should preserve the proper documentation. No such documentation was provided and no justifiable reason was given for not providing it. Therefore, this Court believes that insufficient records exist.

Another issue which was raised at trial was that of the 1987, 1988, and 1989 income tax returns of the Boggs. Their tax preparer testified that the records of Equity Investments appeared as though they "were kept in a shoe box." Additionally, the tax preparer stated that Arlo Boggs did not provide her with much documentation about the interest income from Equity Investments, but that the forms were prepared on Arlo and Helen Boggs' oral information. Once again, this Court believes that failure to provide a tax preparer with documentation of income of business transactions, without sufficient explanation, indicates that adequate records were not kept.

In addition to the aforementioned incidents of inadequate records, there is also a question of whether the records are sufficient for dealings between Arlo Boggs and his brother, Harlan. Arlo Boggs and Harlan were in a partnership arrangement for the purpose of renting and selling real es-

tate. From the testimony presented at trial, this Court believes that the statements at Trial were not able to be corroborated by adequate records. Therefore, the Court believes that since it cannot ascertain the relationship and financial arrangements between these two individuals, competent records were not maintained.

Based on the foregoing, this Court finds that the Debtors have been unable to present sufficient evidence that they maintained adequate records of their business dealings. Accordingly, this Court denies the discharge of both Debtors.

In judging the credibility of the witnesses and the weight given to their testimony, this Court has taken into consideration the witnesses intelligence, age, memory, their demeanor while testifying, the reasonableness of their testimony in light of all the evidence of the case, and any interest, bias, or prejudice they may have. In reaching the conclusions found herein, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Debtors discharge be, and is hereby, Denied.