**In re Kim Michael STOUT, d/b/a K & K Produce Co., Debtor.**

**TOM LANGE COMPANY, INC., Plaintiff,**

v.

**Kim Michael STOUT, d/b/a K & K Produce Co., Defendant.**

Bankruptcy No. 89–7667–LN.
Adv. No. 90–0111–LN.

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 21, 1990.

R. Trent Pipes, Oklahoma City, Okl., for plaintiff.

Steven P. Metheny, Oklahoma City, Okl., for defendant.

COMBINED ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

PAUL B. LINDSEY, Bankruptcy Judge.

## BACKGROUND

Defendant[1] was a dealer and merchant of perishable agricultural commodities ("produce") and subject to the Perishable Agricultural Commodities Act of 1930, as amended in 1984, 7 U.S.C. § 499a, *et seq.* ("PACA"). Between July 22, 1989, and October 13, 1989, plaintiff sold and delivered produce to defendant worth $331,-408.96. Plaintiff filed its notice of intent to preserve the benefits of the trust with the Secretary of Agriculture and with defendant as required by PACA § 499e(c)(3).

Plaintiff filed a complaint against defendant in the United States District Court for this district. On November 17, 1989, plaintiff obtained a Temporary Restraining Order requiring defendant to transfer certain funds to an escrow account for the benefit of defendant's PACA creditors.

On December 5, 1989, defendant filed for relief under Chapter 7 of the Bankruptcy Code and scheduled plaintiff as an unsecured creditor with a claim in the amount of $331,697.01.

■ Plaintiff filed this adversary complaint contending that defendant's debt to it in the amount of $313,870.01 [2] is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). Both parties have sought summary judgment. Summary judgment un-

---

1. K & K Produce Co. was a general partnership formed by Kim Stout and Kenton Stout. Kim Stout admits that he purchased produce from plaintiff in his individual capacity.

2. Prior to April 5, 1990, plaintiff seized and sold produce for $17,538.95, therefore plaintiff's claim was reduced from $331,408.96 to $313,-870.01.

der Rule 56, Fed.R.Civ.P., made applicable to this proceeding under Rule 7056, Fed.R. Bankr.P., is appropriate if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the court must view the facts in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Defendant disputes the amount of indebtedness to plaintiff, but agrees that plaintiff is a PACA creditor.[3] The sole issue before the court is whether PACA § 499e(c)(2) creates a fiduciary relationship as defined by § 523(a)(4). It is this court's view that there is no genuine issue as to any material fact and that therefore summary judgment is appropriate.

### PLAINTIFF'S § 523(a)(4) COMPLAINT

Plaintiff contends that PACA § 499e(c)(2) imposes a trust on specific property of defendant and sets forth fiduciary duties of defendant which are independent of any contractual obligations. Plaintiff further contends that a trust is established automatically upon the sale of produce. Plaintiff concludes that a fiduciary relationship is established by PACA § 499e(c)(2) and that the failure of defendant to remit the monies to plaintiff was a defalcation.

Defendant admits that PACA creates "a statutory trust of sorts," but contends that the express purpose of the trust is to remedy the burden on interstate commerce in produce caused by financing arrangements under which dealers, who have not made payment for the produce, encumber or give lenders a security interest in such produce. Defendant also contends that the trust is a "floating trust" which permits the commingling of trust assets. Defendant concludes that PACA's statutory fiduciary

---

**3.** Defendant contends that proper credit has not been given for the funds in the escrow account. Plaintiff contends that until this fund is disbursed, defendant's indebtedness is not reduced.

duty is insufficient to satisfy the requirement § 523(a)(4).

Section 523(a)(4) provides that a debt for fraud or defalcation while acting in a fiduciary capacity is excepted from discharge. 11 U.S.C. § 523(a)(4) (1978). Federal law determines the fiduciary status for purposes of § 523(a)(4). *Prudential Bache Securities, Inc. v. Sawyer (In re Sawyer)*, 112 B.R. 386 (D.Colo.1990). The term "fiduciary capacity," as defined by federal law and for purposes of § 523(a)(4), applies only to technical trusts, express trusts, or statutorily imposed trusts, and not to fiduciary relationships which arise from equitable trusts, implied trusts, constructive trusts, or an agency relationships. *Id.; San Saba Pecan, Inc. v. Failing (In re Failing)*, 124 B.R. 340 (D.Okla.1989); *Susi v. Mailath (In re Mailath)*, 108 B.R. 290 (Bankr.N.D.Okla.1989). The fiduciary relationship must exist prior to the creation of the debt. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *In re Romero*, 535 F.2d 618, 621 (10th Cir.1976).

Defalcation under § 523(a)(4) has been defined as "the failure of one who has received monies in trust to pay it over as he ought." *Travelers Express Co. v. Niven (In re Niven)*, 32 B.R. 354, 355 (Bankr.W. D.Okla.1983).

PACA § 499e(c)(2) provides in pertinent part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

However, defendant admitted during a deposition of July 25, 1990, that he owes plaintiff approximately $306,780.36.

7 U.S.C. § 499e(c)(2) (1984). The trust is created when produce is "received by a commission merchant, dealer, or broker" and exists "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." *Debruyn Produce Co. v. Richmond Produce Co. (In re Richmond Produce Co.)*, 112 B.R. 364, 368 (Bankr.N.D.Cal.1990) (the trust arises immediately upon delivery of produce and the unpaid sellers are not required to trace the funds); *In re Atlantic Tropical Market*, 118 B.R. 139, 141 (Bankr.S.D.Fla.1990); *Blair Merriam Fresh Fruit & Produce Co. v. Clark (In re D.K.M.B. Inc.)*, 95 B.R. 774, 776 (Bankr.D.Colo.1989).

The legislative history of PACA expressly acknowledges that the PACA trust was modeled after the trust provisions of the Packers and Stockyards Act ("PSA"), 7 U.S.C. § 196 (1980). *Blair Merriam*, 95 B.R. at 776; *In re W.L. Bradley Co.*, 75 B.R. 505, 509 (Bankr.E.D.Pa.1987). The legislative history of PACA also directs courts to examine case law under PSA for guidance in construing PACA. *Id.* Courts have found that the trust created by PSA satisfies the fiduciary capacity requirement as defined by § 523(a)(4). *National Bonding & Accident Ins. Co. v. Petersen (In re Petersen)*, 51 B.R. 486, 488 (Bankr.D.Kan. 1985); *Baugh v. Matheson (In re Matheson)*, 10 B.R. 652, 656 (Bankr.S.D.Ala. 1981).

It is this court's opinion that the trust created by PACA § 499e(c)(2) satisfies the fiduciary capacity requirement as defined by § 523(a)(4) and defendant's failure to pay plaintiff the proceeds from the sale of produce is a defalcation. Defendant's debt to plaintiff in the amount of $313,870.01 should be excepted from defendant's discharge by § 523(a)(4).

Based upon the foregoing, plaintiff's motion for summary judgment should be granted and defendant's cross-motion for summary judgment should be denied.

IT IS SO ORDERED.