In re Patricia Maddox
HARPER, Debtor.

NUCHIEF SALES, INC.; Sound Commodities, Inc.; Garnand Marketing, Inc.; Joe Marinaro, d.b.a. Atlantic Fruit Co.; ABC Farms, Inc.; Kent W. Northcross, d.b.a. Northcross Distributing; Food Services of America, d.b.a. Amerifresh; Continental Fruit Co., Inc.; Katz Sales, Inc.; Panama Banana Distributing Co., Inc.; Six L's Packing Co.; United Apple Sales, Inc.; and VBJ Packing, Inc., Plaintiffs,

v.

Patricia Maddox HARPER, Defendant.

Bankruptcy No. 92–32687.
Adv. No. 92–3159.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 22, 1993.

Timothy M. McLemore, Knoxville, TN, Lawrence H. Meuers, Naples, FL, for plaintiffs.

Charles H. Child, Knoxville, TN, for defendant.

**MEMORANDUM**

JOHN C. COOK, Bankruptcy Judge.

The plaintiffs' complaint seeks an order declaring a certain obligation nondischargeable under the provisions of § 523(a)(4) of the Bankruptcy Code. Contending there are no genuine issues of material fact, the plaintiffs filed a motion for summary judgment supported by affidavits and exhibits on December 15, 1992. Pursuant to a scheduling order entered in this adversary proceeding, the defendant had fifteen days from the filing of the motion to respond. The scheduling order also provided that a hearing on any pending dispositive motions would be conducted on January 13, 1993. At the time of the hearing, no response had been filed by the defendant to the plaintiffs' motion. Although at the hearing counsel for the defendant requested more time to respond to the motion, the court denied this request because no valid reason was presented justifying the failure to comply with the previously-established time schedule.

## I.

The defendant was a stockholder, principal officer, and director of Maddox Brothers, a wholesale produce distributor that sold fresh fruits and vegetables to restaurants and grocery stores.

Between January 30, 1990, and June 5, 1991, the plaintiffs sold produce to Maddox Brothers worth $193,480.01. The plaintiffs filed with the Secretary of Agriculture and with Maddox Brothers their notices of intent to preserve the benefits of the trust imposed by the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a et seq. ("PACA"). The U.S. Department of Agriculture conducted an investigation and audit of Maddox Brothers and determined the qualified amount of the plaintiffs' PACA claims. The qualified amount exceeds the amount at issue here.

Maddox Brothers went out of business in June of 1991 leaving the plaintiffs unpaid. On August 13, 1991, the plaintiffs commenced an action in the United States District Court seeking to enforce their rights

under the PACA trust. The complaint named Patricia Harper as a defendant. Maddox Brothers defaulted in the action and a default has been entered against it. The plaintiffs settled their claim against an additional defendant, First American National Bank, in the amount of $97,500 reducing their claim against Maddox Brothers and Harper to $95,780.01. The district court action was stayed when Harper filed her bankruptcy petition in this court on June 1, 1992.

Maddox Brothers was the purchaser of produce from the plaintiffs and thus was the trustee of the plaintiffs' PACA trust. Harper was the president, principal stockholder, and bookkeeper of Maddox Brothers. She also ran and supervised the day-to-day operations of Maddox Brothers. She purchased produce from produce vendors and paid for produce and signed the company checks. She also borrowed money on behalf of Maddox Brothers and pledged Maddox Brothers' assets, including inventory and accounts receivable from the sale of produce to lending institutions.

## II.

The plaintiffs contend the defendant is indebted to them in the amount of $95,-780.01 and that such debt is nondischargeable under the provisions of § 523(a)(4) of the Bankruptcy Code. Section § 523(a)(4) provides in relevant part:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> ....
>
> (4) for ... defalcation while acting in a fiduciary capacity....

11 U.S.C.A. § 523(a)(4) (West 1979).

Maddox Brothers was a dealer and merchant of perishable agricultural commodities ("produce") and subject to PACA. The plaintiffs, who sold and delivered produce to Maddox Brothers, filed their notices of intent to preserve the benefits of the trust with the Secretary of Agriculture and with Maddox Brothers as required by § 499e(c)(3) of PACA.

The plaintiffs argue that PACA imposes a fiduciary relationship between the plaintiffs and Maddox Brothers within the meaning of § 523(a)(4) and that the defendant, as controlling agent of Maddox Brothers, is liable for any defalcation committed by Maddox Brothers in breach of its fiduciary duties.

Section 499e(c)(2) provides in relevant part as follows:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C.A. § 499e(c)(2) (West Supp.1992). The trust is created when produce is "received by a commission merchant, dealer, or broker" and exists "until full payment of the sums owing in connection with such transactions have been received by such unpaid suppliers, sellers, or agents." *Tom Lange Co. v. Stout (In re Stout )*, 123 B.R. 412, 415 (Bankr.W.D.Okla.1990); *Debruyn Produce Co. v. Richmond Produce Co. (In re Richmond Produce Co.)*, 112 B.R. 364, 386 (Bankr.N.D.Cal.1990); *In re Atlantic Tropical Mkt.*, 118 B.R. 139, 141 (Bankr. S.D.Fla.1990); *Blair Merriam Fresh Fruit & Produce Co. v. Clark (In re D.K.M.B. Inc.)*, 95 B.R. 774, 776 (Bankr.D.Colo.1989).

■■■ The term "fiduciary capacity," contained in § 523(a)(4) applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity. *See Capitol Indem. Corp. v. Interstate Agency (In re Interstate Agency)*, 760 F.2d 121, 124 (6th Cir. 1985) (construing § 17(a)(4), predecessor to § 523(a)(4)); *Carlisle Cashway v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir.1982) (construing § 17(a)(4)). The stat-

utory trust created pursuant to the provisions of PACA satisfies the express or technical trust requirements of § 523(a)(4). *Cf. Capitol Indem. Corp. v. Interstate Agency (In re Interstate Agency)*, 760 F.2d at 124 (section 1207(1) of the Michigan Insurance Code establishes an insurance agency relationship as an express trust fiduciary relationship); *Carlisle Cashway v. Johnson (In re Johnson)*, 691 F.2d at 252 (holding that the Michigan Building Contract Fund Act satisfies the express or technical trust requirements of § 17(a)(4)). Other courts that have considered this precise issue have also concluded that PACA trusts give rise to the fiduciary capacity required under § 523(a)(4). *See Collins Bros. Corp. v. Nix (In re Nix)*, 1992 WL 119143 (M.D.Ga. April 10, 1992); *Tom Lange Co. v. Stout (In re Stout)*, 123 B.R. 412.

The corpus of the PACA trust is broadly defined to consist of the produce delivered to the produce buyer and the products, accounts receivable, and proceeds generated by the produce. 7 U.S.C.A. § 499e(c)(2) (West Supp.1992); 7 C.F.R. § 46.46(c). The PACA trustee is required to maintain "trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of Perishable Agricultural Commodities." 7 C.F.R. § 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." *Id.* " 'Dissipation' means any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(b)(2).

█ "Defalcation" within the meaning of § 523(a)(4) encompasses embezzlement, the misappropriation of trust funds held in any fiduciary capacity, and the failure to properly account for such funds. *Capitol Indem. Corp. v. Interstate Agency (In re Interstate Agency)*, 760 F.2d at 125. Such wrongdoing under § 523(a)(4) does not have to be intentional. *Id.*

█ Maddox Brothers had a fiduciary duty to hold the produce received from the plaintiffs and any accounts receivable or proceeds derived from their sale in trust for the plaintiffs. Because neither the produce, the accounts receivable, nor the proceeds of produce are now available to satisfy the plaintiffs' unpaid claims, and because there has been a failure to properly account for the funds, Maddox Brothers is guilty of defalcation. Moreover, the defendant, as the responsible corporate officer, is personally liable for the tortious injury committed by her without taking into account a piercing of the corporate veil. *See Capitol Indem. Corp. v. Interstate Agency (In re Interstate Agency)*, 760 F.2d at 125. The focus of fiduciary liability is upon the actor responsible for the act rather than the corporate form. Liability is premised upon the person who actually caused the harm. *Citronelle–Mobile Gathering v. Herrington*, 826 F.2d 16, 23–25 (11th Cir. 1987). When there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation. *Collins Bros. Corp. v. Nix (In re Nix)*, 1992 WL 119143, p. 12. In this proceeding that person is the defendant.

Accordingly, the plaintiffs are entitled to a summary judgment declaring the indebtedness owed to them by the defendant as a result of the defendant's defalcation is nondischargeable under § 523(a)(4) of the Bankruptcy Code. An order will enter.