**In the Matter of Thomas U. SNYDER, Debtor.**

**N.P. DEOUDES, INC., et al., Appellants,**

v.

**Thomas U. SNYDER, Appellee.**

**Civ. No. AW–94–3358.
Bankruptcy No. 93–1–3092–SD.
Adv. No. 93–1575–SD.**

United States District Court,
D. Maryland.

June 7, 1995.

S.P. McCarron and L.W. Diess, III of McCarron & Associates, Washington, DC, for appellants.

S.S. Bleecker of Bleecker & Bleecker, Rockville, MD, for Thomas U. Snyder, debtor.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

This is an appeal from the bankruptcy court's order entering summary judgment for the Debtor on the Appellants' Complaint to Determine Non–Dischargeability of Debt ("Complaint"). The Court has reviewed this matter and the briefs filed *de novo*. For the reasons below, the Court will reverse the bankruptcy court's order.

*Background*

The Appellants commenced a civil action to enforce their rights under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), against Exsell, Inc., t/a Seneca Valley Produce Company and its principal, Thomas Snyder. The action was stayed against Snyder when he filed his bankruptcy petition.

In the bankruptcy proceedings, the Appellants, creditors of Snyder under PACA, filed their Complaint arguing that their debts were non-dischargeable under 11 U.S.C. § 523(a)(4). This statute excepts from discharge debts incurred through "fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).[1] The Appellants moved for summary judgment. Sitting by designation, Judge Francis Conrad appropriately denied the motion finding a genuine issue of material fact as to whether they had properly protected their interests. He then entered summary judgment *sua sponte* for the Debtor concluding that a PACA trustee does not serve in a fiduciary capacity under Section 523(a)(4). *In re Snyder*, 171 B.R. 532 (Bkrtcy.D.Md.1994). This appeal followed.

*Discussion*

Under Section 499e(c), "a buyer of perishable agricultural commodities holds the produce and any related inventory and accounts receivable in trust for the benefit of all of the buyer's unpaid sellers." *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 368 (Bkrtcy.N.D.Cal.1990). The trust is floating, nonsegregated statutory trust. *Consumers Produce v. Volante Wholesale Produce*, 16 F.3d 1374, 1378 (3rd Cir.1994). Finally, the unpaid sellers "are not required to trace, and the trust arises immediately upon delivery." *In re Richmond Produce Co., Inc.*, 112 B.R. at 368 (citations omitted).

The issue in this case is whether PACA's trust provisions give rise to the type of trust necessary to except a debt from discharge under 11 U.S.C. § 523(a)(4). As

---

1. The Court notes that Judge Learned Hand provided perhaps the best analysis of "defalcation." *See Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir.1993) *citing Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2nd Cir.1937).

explained below, despite the reasons high-lighted in Judge Conrad's opinion, the Court finds that the PACA does give rise to such a trust.

■■■ Under Section 523(a)(4), the term "fiduciary capacity" applies only to express trust, technical trusts, or statutorily imposed trusts. *In re Mones,* 169 B.R. 246, 255 (Bkrtcy.D.D.C.1994) (citations omitted). To create the required trust, a "statute must define the trust res, spell out the trustee's fiduciary duties and impose a trust prior to and without reference to the wrong which created the debt." *In re Baird,* 114 B.R. 198, 202 (9th Cir. BAP 1990) (citations omitted).

■■■ The PACA trust satisfies these requirements. First, there is an identifiable trust res. The trust res consists of the produce delivered to the produce buyer, the accounts receivable from the produce sold, and the proceeds generated from the produce. 7 U.S.C. § 499e(c)(2). As noted by Judge Conrad, the trust assets need not be segregated from non-trust assets. *In re Snyder,* 171 B.R. at 539 (citations omitted). However, segregation of funds is not a mandatory element of an express trust. *In re Menendez,* 107 B.R. 789, 792 (Bkrtcy. S.D.Fla.1989) (citations omitted). Accordingly, there is an identifiable trust res under PACA.

In addition, PACA imposes fiduciary duties on the buyer.

An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act ... [A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier.

*Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp. 346, 348 (S.D.N.Y.1993). *See also Mid–Valley Produce Corp. v. 4–XXX Produce Corp.,* 819 F.Supp. 209, 212 (S.D.N.Y.1993) (citations omitted). Moreover, a beneficiary of the trust may file suit in federal district court to enforce payment of the trust. 7 U.S.C. 499e(c)(4). Finally, the buyer must "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to the sellers" and "dissipation of trust assets is unlawful." 7 C.F.R. § 46.46(e). PACA, then, imposes fiduciary duties on the buyer.

Finally, the trust clearly arises without reference to any wrongdoing by the trustee. 7 U.S.C. § 499e(c)(2). The PACA "trust arises from the moment perishable goods are delivered by the seller." *Morris Okun, Inc.,* 814 F.Supp. at 348. *See also In re Atlantic Tropical Market Corp.,* 118 B.R. 139, 141 (Bkrtcy.S.D.Fla.1990). Thus, the PACA trust exists separate from any act of wrong-doing, and a PACA trustee serves in a fiduciary capacity under Section 523(a)(4).

In his thoughtful opinion, Judge Conrad clearly questions the wisdom of PACA. However, Congress specifically created the statute and its idiosyncratic trust features. Congress alone bears the responsibility for revising the statute. *Morris Okun, Inc.,* 814 F.Supp. at 348–49.

Accordingly, the opinion below will be reversed and remanded for further proceedings consistent with this opinion. A separate order consistent with this opinion will issue.

### *ORDER*

In accordance with the Memorandum Opinion, it is this 7th day of June 1995 ORDERED:

1. That the opinion and order below BE, and the same hereby ARE, REVERSED; and

2. That this case is REMANDED for further proceedings consistent with the Memorandum Opinion.