**In re Stephen Lee McCUE and Carol A. McCue, Debtors.**

**Cardile Bros. Mushroom Pkg, Inc., et al., Plaintiffs,**

**v.**

**Stephen Lee McCue and Carol A. McCue, Defendants.**

**Bankruptcy No. 03–11451–3F7. Adversary No. 04–59.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 30, 2005.

Cynthia C. Jackson, Jacksonville, FL, for Plaintiffs.

Albert H. Mickler, Jacksonville, FL, for Defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon a complaint seeking to except the debt owed to Plaintiffs by Defendant Stephen Lee McCue ("McCue") from McCue's discharge pursuant to 11 U.S.C. § 523(a)(4).[1] The Court conducted a trial on the matter on January 19, 2005 at which the parties filed a Joint Stipulation of Facts. The Court afforded the parties ten days from the date of the trial to file additional briefs. Upon the Joint Stipulation of Facts and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Plaintiffs are each corporations engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

2. At all times relevant to this adversary proceeding, each of the plaintiffs was subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq ("PACA").

3. McCue was an officer and director of John Manning Co. ("Manning") and was a person in control of Manning within the meaning of PACA at all relevant times. At all times relevant to this adversary proceeding, Manning was a dealer and commission merchant subject to license under PACA.

4. Plaintiffs sold Manning in interstate commerce a total of $113,897.48 worth of wholesale quantities of produce as follows: Cardile Mushroom Pkg., Inc., ("Cardile") ($34,348.99), Coosemans Atlanta, Inc., ("Coosemans") ($7,469.15), Mecca Farms ("Mecca") ($43,192.89), and Nicky Gregory Company, Inc., ("Nicky Gregory") ($28,886.45).

5. In 2003, Plaintiffs (and others) sued Manning and McCue in the United States District Court for the Northern District of Georgia (Case No. 1:02–CV–2039–TWT) alleging that Manning violated PACA by not paying Plaintiffs for produce (the "District Court Action"). Plaintiffs did not sue Carol McCue.

6. On July 23, 2002 the District Court issued a temporary restraining order enjoining Manning from dissipating, paying, transferring, assigning or selling any and all assets subject to the trust provisions of PACA. Pursuant to the temporary restraining order, Manning established a separate trust account to liquidate the PACA assets. These assets were insufficient to satisfy Plaintiffs' claims.

7. On December 12, 2003 the District Court entered summary judgment in favor of Plaintiffs and against Manning and McCue jointly and severally in the amount of $113,897.48 for breach of fiduciary duty under the trust provisions of PACA. The District Court found McCue personally liable because he was in a position to control the PACA trust and breached that duty. No judgment was entered against Carol McCue.

---

1. Although Plaintiffs named Carol McCue in the complaint, none of the allegations therein refer to Carol McCue. Plaintiffs concede that Carol McCue is not liable in this adversary proceeding.

8. On November 4, 2003 McCue (doing business as Manning) and Carol McCue filed this joint Chapter 7 case.

9. By this adversary, Plaintiffs seek to have their debt of $113,897.48 excepted from McCue's discharge under 11 U.S.C. § 523(a)(4) as a debt for defalcation[2] while acting in a fiduciary capacity.

### CONCLUSIONS OF LAW

■ Congress enacted PACA in 1930 to regulate interstate commerce in the perishable agricultural commodities market. As a result of its concern over produce dealers granting lenders security interests in produce for which the dealers had accepted delivery but not yet paid, Congress amended PACA in 1984. *See In re Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 156 (11th Cir.1990). The 1984 amendment established a non-segregated statutory trust under which a produce dealer holds its produce related assets in trust until full payment is made to the produce seller. *Id.*

■ The sole issue before the Court is whether McCue's breach of trust under PACA constitutes "defalcation while acting in a fiduciary capacity" within the meaning of 11 U.S.C. § 523(a)(4). Section § 523(a)(4) excepts from a debtor's discharge any debt "for fraud or defalcation while acting in a fiduciary capacity..." (West 2005). "Fiduciary" under § 523(a)(4) is a substantially narrower concept than "fiduciary" under state law. *Clark v. Allen (In re Allen),* 206 B.R. 602, 607 (Bankr.M.D.Fla.1997). Federal courts have found "the traditional meaning of the term 'fiduciary'—a relationship involving confidence, trust, and good faith—to be far too broad for bankruptcy purposes." *Lib-*

erty *National Bank v. Wing (In re Wing),* 96 B.R. 369, 374 (Bankr.M.D.Fla.1989) (citing *Chapman v. Forsyth,* 2 How. 202, 11 L.Ed. 236 (1844)). The fiduciary relationship necessary for an exception to discharge requires the existence of an express or technical trust. *American Surety & Casualty Co. v. Hutchinson, (In re Hutchinson),* 193 B.R. 61, 65 (Bankr. M.D.Fla.1996). An express or technical trust exists when there is a segregated trust res, an identifiable trust beneficiary, and trust duties established by contract or statute. *Id.*

■ PACA clearly satisfies requirements 2 and 3 of the definition of an express or technical trust. The beneficiaries of a PACA trust are the produce sellers and suppliers. The duties under PACA are to liquidate the trust and to not dissipate trust assets. The remaining issue is whether a PACA res is a segregated trust res. For the following reasons, the Court finds that it is not. First, a PACA trust is a non-segregated "floating" trust, which permits the commingling of trust and non-trust assets. *In re Six L's Packing Co. v. West Des Moines State Bank,* 967 F.2d 256, 258 (8th Cir.1992). PACA does not anticipate segregation of trust assets without an express showing that the trust assets are being dissipated or are threatened with dissipation. *Frio Ice,* 918 F.2d at 159. PACA trust assets can be used for other purposes, including the payment of other creditors. 49 FR 45735, 45738. Finally, although a PACA debtor must maintain sufficient trust assets to pay its produce suppliers, 7 CFR 46.46(d)(1)(2005), he has no obligation to

---

2. The parties' Joint Stipulation of Facts indicated that Plaintiffs seek to have their debt excepted from McCue's discharge under 11 U.S.C. § 523(a)(4) as a debt for fraud while acting in a fiduciary capacity, but the complaint refers to defalcation while acting in a fiduciary capacity.

track trust funds in and out. 49 FR 45735, 45738.

Because a PACA res is not a segregated trust res, Plaintiffs cannot prove the existence of an express or technical trust. Because Plaintiffs cannot prove the existence of an express or technical trust, McCue's debt to Plaintiffs resulting from his breach of the PACA trust is not a debt for defalcation while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4).[3]

### CONCLUSION

Because a PACA res is not a segregated trust res, a PACA trust is not an express or technical trust. Because Plaintiffs cannot prove the existence of an express or technical trust, McCue's debt to Plaintiffs resulting from his breach of the PACA trust is not a debt for defalcation while acting in a fiduciary capacity pursuant to 11 U.S.C. § 523(a)(4). The Court will enter a separate judgment in accordance with these Findings of Fact and Conclusions of Law.

[3]. The Court notes that several courts have held that liability resulting from a PACA violation is non-dischargeable under § 523(a)(4). *See In re Masdea,* 307 B.R. 466 (Bankr. W.D.Pa.2004); *In re Snyder,* 184 B.R. 473 (D.Md.1995); *In re Harper,* 150 B.R. 416 (Bankr.E.D.Tenn.1993); *In re Nix,* 1992 WL 119143 (M.D.Ga.1992); and *In re Stout,* 123 B.R. 412 (Bankr.W.D.Okla.1990). However, *Masdea, Harper, Nix* and *Stout* did not specifically address the issue of whether PACA satisfies the segregated trust res requirement of an express trust. *Snyder* acknowledged that PACA does not require that trust assets be segregated from non-trust assets, but found that the segregation of funds is not a mandatory element of an express trust.