In re Loren Claude **LUTHJE**, Debtor.

Shirley Mae **LUTHJE**, Plaintiff,

v.

Loren Claude **LUTHJE**, Defendant.

Bankruptcy No. 88–20805.
Adv. No. 289/0014.

United States Bankruptcy Court,
D. Montana.

June 27, 1989.

Kristine Davenport, Missoula, Mont., for debtor/defendant.

Michael Sol, Missoula, Mont., for plaintiff.

Bruce L. Hussey, Missoula, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice, a trial was held May 1, 1989, on the Plaintiff's Complaint for Declaration of Non-dischargeability of the Defendant/Debtor's debts. The Complaint seeks a denial of discharge under the provisions of 11 U.S.C. § 727(a)(2) and § 523(a)(5). The Defendant/Debtor resists the Complaint and denies its allegations. At the conclusion of trial this Court granted the parties ten (10) days to file briefs on their respective positions. The briefs have

been filed and this matter is deemed submitted.

The Plaintiff's Complaint alleges that the Defendant/Debtor has fraudulently converted property of the estate into homestead property, and has, or is, dispersing, transferring or concealing property, with the intention to hinder, delay, or defraud a creditor. The issue under § 523(a)(5) has been resolved as to the monthly support payments of $365.00, in that the Defendant/Debtor states in his post-trial brief that he is not attempting to discharge this portion of the debt.[1] The Defendant/Debtor contends that he is entitled to a valid homestead exemption and that he has not dispersed, transferred, or concealed any of his property with the intent to hinder, delay, or defraud a creditor.

Section 727(a)(2) provides:

"(a) The Court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate after the date of the filing of the petition;"

Before a Debtor can be denied a general discharge under § 727, "fraudulent intent" must be shown. 4 *Collier on Bankruptcy*, § 727.02[3] (15th Ed.1986). This intent must be "actual intent as distinguished from constructive intent". *Id.* To succeed on an objection to the Debtor's discharge under § 727, the Plaintiff must prove:

"(1) that the act complained of was done at a time subsequent to one year before the filing of the petition;

(2) with actual intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under the Bankruptcy Code;

(3) that the act was that of the debtor or his duly authorized agent;

(4) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done." 4 *Collier on Bankruptcy*, § 727.02[1][b] (15th Ed.1986).

*In re Kessler*, 51 B.R. 895, 898 (Bankr.D.Kan.1985); *Matter of Agnew*, 818 F.2d 1284, 1287 (7th Cir.1987); *In re Jones*, 97 B.R. 36 (Bankr.Mont.1989). Under § 727, the objecting party has the burden to prove, by clear and convincing evidence, that the Debtor should be denied a discharge. Bankruptcy Rule 4005; *In re Cutignola*, 87 B.R. 702, 706 (Bankr.M.D.Fla.1988); *Jones*, supra. Section 727 is to be construed liberally in favor of the Debtors and strictly against the creditor. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986); *Cutignola*, supra, at 706; *In re Mart*, 87 B.R. 206, 209 (Bankr.S.D.Fla.1988); *In re Greenwalt*, 48 B.R. 804, 806 (Bankr.Colo.1985). The evidence must, when considered in light of all the facts, lead the Court to the conclusion that the Debtor has violated the spirit of the Bankruptcy Code. *In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla.1985); *Mart*, supra, at 209. To warrant a denial of discharge the hinderance, transfer or concealment must be material, must reduce the assets available to the creditors, and must have been made with fraudulent intent. *Matter of Agnew*, supra, at 1289.

In this case, the decision turns on whether the Debtors had the actual intent to hinder, delay or defraud a creditor, *Adeeb*, at 1342, for constructive fraudulent intent cannot be the basis for denial of discharge. *Adeeb*, at 1343; *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985). However,

---

**1.** The Plaintiff's Complaint alleges that § 523(a)(5) is applicable to the total debt due her, on the basis that the total debt owed her under the divorce decree is maintenance and support. This Court will not address this issue based on the findings and decisions that are set forth in this Order.

intent may be established by circumstantial evidence, or from inferences drawn from a course of conduct. *Id.* at 753–54.

The Plaintiff asserts that the Defendant/Debtor fraudulently converted non-exempt assets into exempt assets, to-wit: that he purchased a mobile home and set it up on a 32 acre parcel of land and is claiming the property as a homestead exemption. The Plaintiff further asserts that the Defendant/Debtor has concealed assets within one year of the petition filing, with the intent to hinder, delay, or defraud creditors. This Court will first address the conversion of non-exempt assets into exempt assets.

■■■ Generally, a Debtor's conversion of non-exempt property into exempt property on the eve of bankruptcy is not fraudulent per se. *In re Daniel*, 771 F.2d 1352 (9th Cir.1985); *In re Love*, 341 F.2d 680 (9th Cir.1965); *In re Summers*, 85 B.R. 121, 126 (Bankr.Or.1988). Extrinsic evidence of fraud must be present to invalidate the exemption. *Summers*, at 126.

■■ In a bankruptcy action, the federal Court must decide the merits of state exemptions, but the validity of the claimed exemption is controlled by the applicable state law. *In re Anderson*, 824 F.2d 754, 756 (9th Cir.1987), quoting *In re LaFortune*, 652 F.2d 842, 846 (9th Cir.1981). Under Montana law, § 70–32–101, M.C.A., a homestead consists of:

> "70–32–101. Of What homestead consists. The homestead consists of the dwelling house or mobile home, and all appurtenances, in which the claimant resides and the land, if any, on which the same is situated, selected as provided in this chapter."

To be entitled to a homestead exemption, a Debtor must comply with § 70–32–105, M.C.A., which provides:

> "70–32–105. Mode of selection—declaration required. The person selecting a homestead must execute and acknowledge, in the same manner as a grant of

real property is acknowledged, a declaration of homestead and file the same for record."

Accordingly, under Montana law, a Debtor must have (1) a dwelling or mobile home in which the claimant resides, (2) upon which a declaration of homestead has been filed. Section 70–32–106, M.C.A., requires the declaration to "contain a statement that the person making it is residing on the premises". In this case, the Plaintiff alleges that the Defendant/Debtor is not residing at, and has not resided at, the premises that are claimed as the homestead exemption.

■■ At trial, the Defendant/Debtor testified that the subject mobile home did not have any electricity, heat, water, or sewer, and that it was not on a foundation, but was still on its wheels. He stated that he used the neighbor's garbage cans and their outhouse, and that he did his laundry in town at a friend's place. The Defendant/Debtor testified that as early as September 23, 1988, he knew it would be necessary for him to file bankruptcy. He further stated that he did not recall whether the subject mobile home was even on the 32 acre property prior to the filing of his bankruptcy petition. The Plaintiff testified that she had been by the home on ten (10) separate occasions in the last month and had never seen anyone or any sign of anyone living at the place. Other evidence presented showed that the Defendant/Debtor has access to a family home in which he and his live-in companion had resided for at least two years prior to the filing of his Petition.[2] The live-in companion still resides on that property. Furthermore, the Defendant/Debtor testified that the majority of his belongings were not located on the property now being claimed as a homestead. Other courts have held that such extrinsic evidence can invalidate a Debtor's claim to a homestead. *See, In re Hall*, 31 B.R. 42 (Bankr.E.D.Tenn.1981).

Based on the evidence presented, this Court finds that the Defendant/Debtor, while insolvent and in contemplation of

---

**2.** The home is located on the Defendant/Debtor's father's place and is not listed on the Debtor's schedules.

bankruptcy: (1) attempted to established a homestead exemption on property that was then subject to execution, (2) that the Defendant/Debtor did not "reside" on the property, and (3) that the false homestead was perpetrated by the Defendant/Debtor for the express purpose of defeating the rights of creditors, including the rights of the Plaintiff. Indeed, his actions followed the aftermath of an acrimonious divorce action, which has left the Plaintiff herein as his only creditor.

Under the divorce decree, the Debtor was ordered to pay Plaintiff the sum of $128,891.66 in three annual installments. The first payment of $42,000.00 from cattle sales was made and thereafter, beginning in July, 1988, no further payments were made. The Bankruptcy Petition was filed November 22, 1988. The Debtor was awarded $64,445.83 in the divorce action. Rather than make the annual payment he purchased the mobile home, in the fall of 1988, from two brothers for $22,000.00, of which $17,000.00 was cash, and placed it on the 32 acre tract.

■ Under Montana law, a homestead cannot be claimed unless the Debtor resides on the property. His claim of residence at the mobile home site is a sham for all of his family belongings are still at his father's home. Accordingly, I find and conclude the Defendant/Debtor did fraudulently convert non-exempt assets into exempt assets for the purpose of defrauding a creditor. Therefore, under 727(a)(2) the Defendant/Debtor is not entitled to a general discharge of his debts.

■ The Defendant/Debtor also testified that he gave a computer to his live-in companion, as a gift, for helping with his divorce and bankruptcy proceedings. However, under question 12(a) on the Debtor's Statement of Affairs, the Debtor stated that no gifts had been transferred in the year preceding the filing of the Petition. Accordingly, the Debtor misstated the facts regarding the transfer of the computer. Such action is further reason why the Defendant/Debtor should not be entitled to a general discharge. 11 U.S.C. § 727(a)(2)(A) and § 727(a)(4). Based on all

the facts presented, this Court simply does not find the Debtor's testimony credible.

IT IS ORDERED:

(1) That the Defendant/Debtor, Loren Claude Luthje, is denied a general discharge pursuant to § 727(a)(2); and

(2) That the mobile home and the 32 acres is voided as a homestead exemption claimed by Debtor.