Larry L. WOMBLE, Appellant,

v.

PHER PARTNERS, Appellees.

In re Larry L. Womble, Debtor.

Civ.A. No. 2:03–CV–052J.
Bankruptcy No. 01–21469–RLJ–7.
Adversary No. 02–2014.

United States District Court,
N.D. Texas,
Amarillo Division.

Sept. 30, 2003.

Dennis O. Olson, Olson, Nicoud & Gueck, Dallas TX, for appellant.

Leon Mitchell, Gurley, Mitchell, Gassaway & Jones, Borger, TX, for appellee.

Robert L. Jones, Bankruptcy Judge, Lubbock, TX, pro se.

## MEMORANDUM OPINION AND ORDER

ROBINSON, District Judge.

Before the Court is the above-styled bankruptcy appeal. The findings and conclusions of the bankruptcy court are AFFIRMED.

### BACKGROUND

The parties do not contest the statement of facts found on pages two through seven of the bankruptcy court's February 5, 2003 Memorandum Opinion. Therefore, only those facts necessary to understanding this Court's opinion will be summarized below.

Pher Partners obtained an $850,000 judgment against Appellant in 1996. Appellant owns or controls three entities: Womble Land & Cattle Co., Womble Farms, Inc., and WW Farms. In June of 2000, Pher Partners initiated a turnover action against those three entities.

On June 3, 2000, Appellant and his wife received a check from "Texas Beef Cattle" in the sum of $71,708.57. $10,000 was immediately paid to Womble Land & Cattle Co. for pasture lease. On July 8, 2000, Appellant transferred $17,500 to his attorney and $12,500 to WW Farms. Other smaller transfers took place in June and July of 2000, primarily to WW Farms. The balance in Appellant's personal accounts went from approximately $62,000 on June 3, 2000, to $2,879.55 on July 8, 2000, two days before Appellant filed for bankruptcy. On July 10, 2000, Appellant filed a Chapter 13 bankruptcy case that was converted to Chapter 11, then to Chapter 12, and ultimately dismissed on November 6, 2001.

Appellant filed for Chapter 7 bankruptcy on December 11, 2001, just over one month after his previous bankruptcy filing had been dismissed. As a judgment creditor, Appellee filed a complaint objecting to the discharge of Appellant in the bankruptcy proceeding that is the subject of this appeal. The bankruptcy court denied Appellant's discharge, finding that the transfers that took place in June and July of 2000 were fraudulent transfers of property within the meaning of section 727(a)(2)(A) of the bankruptcy code and that Appellant failed to maintain records in a reasonable and businesslike manner, prompting denial of discharge under section 727(a)(3). It is from this denial of discharge that Appellant appeals.

### STANDARD OF REVIEW

■ This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. On appeal, Bankruptcy Rule 8013 provides that findings of fact made by the bankruptcy court shall not be set aside unless clearly erroneous. Legal questions and conclusions of law are subject to *de novo* review. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir. 1985); *In re Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th

Cir.1983). Under the clearly erroneous standard of review, if there are two coherent and facially plausible views of testimonial evidence and one is adopted, and it is not contradicted by extrinsic evidence, the finding can virtually never be clearly erroneous. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575–76, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed.'" *Missionary Baptist, supra,* 712 F.2d at 209 (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

■ "When a finding of fact is premised on an improper legal standard, or a proper one improperly applied, that finding loses the insulation of the clearly erroneous rule." *Missionary Baptist, supra,* 712 F.2d at 209 (citing *Smith v. Hightower,* 693 F.2d 359 (5th Cir.1982)). Therefore, where the bankruptcy court employed an improper legal standard to arrive at a finding of fact, the finding is reviewed *de novo.*

## DISCUSSION OF ISSUES ON APPEAL

1. Did the bankruptcy court err by finding that Appellant's discharge should be denied because transfers of $70,000 made by Appellant between June 3, 2000 and July 10, 2000 were transfers made within one year of the filing of the bankruptcy case?

■ Appellant argues that the bankruptcy court improperly tolled the one-year fraudulent transfer provision of 11 U.S.C. § 727(a)(2)(A) by relying on the Supreme Court's decision in *Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). Although appellant is correct in stating that *Young* is factually distinguishable from his case, the guiding principles of law set forth by the Court are applicable here.

■ The similarities between § 507(a)(8)(i), the I.R.S. three-year lookback provision at issue in *Young,* and § 727(a)(2)(A) dictate similar treatment. As the bankruptcy court observed, both reference "the date of the filing of the petition," and both act as limitations periods, requiring creditors to promptly protect their rights or risk having a debt discharged in bankruptcy. Appellant contends that the general proposition that tax claims are not dischargeable and that judgments are requires equitable tolling for tax claims and precludes equitable tolling on other types of claims.[1] The type of claim involved, however, is not determinative. "It is hornbook law that limitations periods are customarily subject to 'equitable tolling,' unless tolling would be 'inconsistent with the text of the relevant statute.'" *Young,* 122 S.Ct. at 1040 (citations omitted). Because equitable tolling is not inconsistent with the text of § 727(a)(2)(A), courts are able to examine the one-year deadline of that section against the rules of equity to determine when tolling is appropriate.[2]

In concluding that equitable tolling could be employed in § 507(a)(8)(i) cases, the

---

1. In support, Appellant cites *U.S. Fid. & Guar. Co. v. Hogan (In re Hogan),* 208 B.R. 459 (Bankr.E.D.Ark.1997). *Hogan,* decided five years before *Young,* did not consider the possibility of equitable tolling.

2. In the short time since *Young* was decided, numerous cases have applied equitable tolling in the bankruptcy context. This Court has found only two opinions where the holding in *Young* has not applied. *Ohio Farmers Ins. Co. v. Leet (In re Leet),* 274 B.R. 695 (6th Cir.

Supreme Court noted that back-to-back bankruptcy filings disabled the I.R.S. from protecting its claim during the pendency of the Chapter 13 petition, and that the period of disability tolled the lookback period of § 507(a)(8). *Young*, 122 S.Ct. at 1041. Similarly, Pher Partners was prevented from protecting its claim during the pendency of Appellant's Chapter 13 case. Accordingly, the bankruptcy court was correct to apply equitable tolling in this case.

2.  Did the bankruptcy court err by finding that Appellant's discharge should be denied because the transfers mentioned above were made with the intent to hinder, delay, or defraud Appellant's creditors?

■ Whether a debtor possessed the necessary wrongful intent under § 727(a)(2)(A) is a question of fact, subject to the clearly erroneous standard of review. *First Tex. Sav. Ass'n v. Reed (In re Reed)*, 700 F.2d 986, 991–92 (5th Cir.1983). The evidence amply supports the bankruptcy court's finding of wrongful intent, and this Court affirms that finding.

3.  Did the bankruptcy court err by finding that Appellant's discharge should be denied because Appellant failed to keep adequate books and records?

The bankruptcy court found that Appellant's numerous transactions amongst business entities he either owned or controlled lacked adequate records. Based upon the evidence, this conclusion is not clearly erroneous. This Court finds that the bankruptcy court relied upon a proper interpretation of the law in reaching its findings under § 727(a)(3), and those findings will not be disturbed on appeal.

BAP 2002), concluded that Bankruptcy Rule 4007(c) precluded equitable tolling. In re *Tecson*, 291 B.R. 199 (Bankr.M.D.Fla.2003)

The judgment of the bankruptcy court is AFFIRMED.

It is SO ORDERED.

held that § 507(a)(8)(A)(ii) also contained specific tolling provisions that precluded application of equitable tolling.