**In re Deborah WILLIAMS, Debtor.**

**Tidewater Finance Company, Plaintiff,**

**v.**

**Deborah Williams, Defendant.**

**Bankruptcy No. 03–16311–SD.
Adversary No. 04–1823–SD.**

United States Bankruptcy Court,
D. Maryland.

June 28, 2005.

---

David L. Ruben, Ellicott City, MD, for debtor.

Bud Stephen Tayman, Greenbelt, MD, for trustee.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT FOR DEFENDANT

E. STEPHEN DERBY, Bankruptcy Judge.

The Motion for Summary Judgment by Plaintiff Tidewater Finance Company ("Tidewater") and the response by Defendant Deborah Williams (the "Debtor") require the court to determine whether the mandatory six year period between discharges in 11 U.S.C. § 727(a)(8) should be equitably tolled during the pendency of Chapter 13 cases filed by Debtor after she received a Chapter 7 discharge. For the reasons set forth below, the court concludes there was no equitable tolling, and grants summary judgment in favor of the Debtor.

## I. BACKGROUND AND RELEVANT FACTS

The material facts are not in dispute. The Debtor filed a petition under Chapter 7 on October 29, 1996, Case No. 96–60644, and she received a discharge on February 2, 1997. She subsequently filed three separate Chapter 13 Cases. The first, Case No. 99–62251, was filed on September 21, 1999 and dismissed on November 2, 1999, after 42 days. The second, Case No. 00–56264, was filed on May 15, 2000 and dismissed on January 25, 2001, after 254 days. This second case was filed 15 days after expiration of the 180 prohibition on refiling imposed by the court in Debtor's first Chapter 13 case under 11 U.S.C. § 109(g). The third, Case No. 01–62584, was filed on August 14, 2001, and it was dismissed on September 11, 2003, after 758 days. Finally, Debtor filed her present Chapter 7 Case on March 15, 2004.

Tidewater is the assignee from Auto Sport, Inc. of a purchase money note and security agreement for an automobile bought by the Debtor on or about October 18, 1997, after Debtor had received her Chapter 7 discharge but before the Debtor had filed the first of her three Chapter 13 cases. The Debtor defaulted under the note; the motor vehicle was repossessed and sold; and Tidewater reduced the resulting deficiency to judgment in a Virginia General District Court on July 6, 2001, after Debtor's second Chapter 13 case was dismissed but before she had filed her third Chapter 13 case. The unpaid princi-

pal amount of the judgment is $7,468.84, plus interest and costs.

Tidewater seeks summary judgment on its sole claim in this proceeding that Debtor should be denied her discharge under 11 U.S.C. § 727(a)(8). Tidewater claims that the six year waiting period after Debtor filed her first Chapter 7 case before she was eligible to file a Chapter 7 case in which she could receive a discharge, should be equitably tolled for the two years and 324 days that Debtor's intervening Chapter 13 cases were pending. If equitable tolling is applied, Debtor is not entitled to a discharge under § 727(a)(8). Conversely, as Tidewater acknowledges in its Summary Judgment Motion, if the court does not apply equitable tolling, the Debtor is eligible for discharge in this case. *See* Motion for Summary Judgment by Tidewater Finance and Supporting Memorandum of Law, at 3. This is a matter of first impression before the court.[1]

## II. *ANALYSIS*

### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," demonstrate the absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56( c), made applicable by Fed. R. Bankr.P. 7056.

Summary judgment may also be entered in favor of a non-movant, so long as the losing party was on notice that she had to come forward with all of her evidence. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *In re Chateaugay Corporation,* 154 B.R.

843, 852 (Bkrtcy.S.D.N.Y.1993). Here, although the Debtor has not filed a cross motion, the court may grant summary judgment in favor of Debtor, *sua sponte,* because Tidewater's own motion put the elements of its case into play, and the basis of the decision is purely legal. *In re Snyder,* 171 B.R. 532, 535 (Bkrtcy.D.Md. 1994), *reversed on other grounds,* 184 B.R. 473 (D.Md.1995).

### B. Equitable Tolling Principles

 The doctrine of equitable tolling applies to periods of limitation in appropriate circumstances. It permits a court to suspend the measuring period for a party to take action during the time the party was unable to act. Equitable tolling "allows a claim to be filed outside of the applicable statute of limitations where some action on the defendant's part makes it such that the plaintiff is unaware that the cause of action exists." *In re Everfresh Beverages, Inc.,* 238 B.R. 558, 576 (Bankr.S.D.N.Y.1999). It "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *In re Randall's Island Family Golf Centers,* 288 B.R. 701, 705 (Bankr.S.D.N.Y.2003), *quoting Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir.2000), *cert. denied* 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000). Equitable tolling has been used when a litigant has actively pursued his judicial remedies by filing a defective pleading within the period of limitations, or has been induced or tricked by his adversary into permitting the deadline to pass. *Id., citing Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 1041, 152 L.Ed.2d 79 (2002); *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

---

**1.** Tidewater has cited no case law, and the Court has found none, where *any* court has applied equitable to tolling to § 727(a)(8).

■ The Supreme Court has outlined specific considerations that a court must weigh when deciding whether the imposition of equitable tolling is appropriate. *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 426–27, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). The bottom line inquiry is "whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances. In order to determine Congressional intent, [a court] must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement of the rights given by the Act." *McDonald v. Centra,* 118 B.R. 903, 929 (D.Md.1990), *quoting Burnett v. New York Central R.R. Co.,* 380 U.S. at 427, 85 S.Ct. 1050. Although generally equitable tolling principles are to be read into every federal statute of limitations, *see Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), "equitable tolling is a matter of congressional prerogative and can be read in only in the absence of congressional intent to the contrary." *McDonald v. Centra,* 118 B.R. at 929, *quoting Cook v. Deltona Corp.,* 753 F.2d 1552, 1562 (11th Cir.1985).

Equitable tolling has been applied in bankruptcy cases. For instance, to protect the rights of a debtor in possession or trustee in exercising their avoidance powers, the ultimate aim of which is to bring funds into the estate and eventually distribute to creditors, applicable statutes of limitations under 11 U.S.C. §§ 546(a)(1), 548(a)(1) and 549(d) have been equitably tolled for the commencement of actions. *See In re Randall's Island Family Golf Centers,* 288 B.R. 701, 706 (Bankr.S.D.N.Y.2003)(applying equitable tolling to second lawsuit under 11 U.S.C. § 546(a) to protect plaintiff debtor in possession that did not sit on its rights but rather filed a defective pleading that had been dismissed without prejudice); *In re*

*Stanwich Financial Services Corp.,* 291 B.R. 25, 29 (Bankr.D.Conn.2003)(applying equitable tolling under 11 U.S.C. § 548 to protect creditors committee where debtors engaged in a "systematic course of conduct which thwarted [the committee's] discovery of the instant cause of action"); *In re Olsen,* 36 F.3d 71, 73 (9th Cir.1994)(applying equitable tolling under 11 U.S.C. § 549 to protect trustee that "remained in the dark without any fault or want of diligence or care on his part")(internal quotations and citation omitted).

To protect the priority status of tax claims for distribution from the bankruptcy estate, equitable tolling has been applied for the period while a debtor was in an intervening Chapter 13 case to extend three year look back period under 11 U.S.C. § 507(a)(8)(A)(I). *Young v. U.S.,* 535 U.S. 43, 122 S.Ct. 1036, 1043, 152 L.Ed.2d 79 (2002). The lookback period was considered to be a limitations period because "it prescribes a period within which certain rights (namely, priority and nondischargeability in bankruptcy) may be enforced." *Young,* 535 U.S. at 47, 122 S.Ct. 1036. The Court elaborated:

> . . . [T]he lookback period serves the same "basic policies [furthered by] all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities."

*Young v. U.S.,* 535 U.S. 43, 47, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), *quoting Rotella v. Wood,* 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000). Thus, equitable tolling was applied to protect the integrity of the period for the IRS to assert its right as priority claimant. *See also Womble v. Pher Partners,* 299 B.R. 810, 812 (N.D.Tex.2003)(determining that "similarities" between the one year look back period under 11 U.S.C. § 727(a)(2) for fraudulent transfers of property and

the three year look back period for determining priority status of tax claims under § 507(a)(8)(A)(I) dictated "similar treatment").[2]

To protect creditors in bankruptcy cases, specifically mortgage creditors seeking to foreclose on defaulted obligations from Debtors, equitable tolling has been applied to the 180 day bar to filing repetitive consumer bankruptcy cases under 11 U.S.C. § 109(g). *See In re Bowman*, 2004 WL 1083256 (Bkrtcy.W.D.Mo.2004)(upon motion of foreclosing lien creditor, court equitably tolled time period for bankruptcy filing made within 180 days of prior dismissal under § 109(g)).

## C. Equitable Tolling and 11 U.S.C. Section 727(a)(8)

 Equitable tolling is not applicable here because § 727(a)(8) does not define a limitations period for Tidewater, a creditor, to assert its claim. Rather, § 727(a)(8) defines a condition that the Debtor was required to satisfy in order to qualify for a benefit, namely, a discharge of her debts. By restricting how often a debtor may obtain a discharge, Section 727(a)(8) does not prescribe a period certain within which creditors rights may be enforced.

For debtors the holy grail of Chapter 7 cases is the bankruptcy discharge; it is undoubtably the main reason Chapter 7 cases are filed by individuals. The court in *In re Cohen*, 47 B.R. 871, 873–74

(Bkrtcy.S.D.Fla.1985) succinctly described the Chapter 7 discharge and § 727 of the Bankruptcy Code as follows:

Section 727 provides that the Court will grant a discharge to a Chapter 7 debtor unless one or more of the specific grounds for the denial of discharge is proven to exist. The House Report accompanying the Bankruptcy Reform Act has described Section 727 as "the heart of the fresh start provisions of the bankruptcy law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 384 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6340.

This Court observes that the Reform Bankruptcy Code offers to debtors what may well be the most extensive "fresh start" since the seven year release described in the Old Testament. Deuteronomy, 15:1 and 2. Traditionally, the debtor's fresh start is one of the primary purposes of bankruptcy law; consequently, exceptions to discharge must be strictly construed. *Matter of Vickers*, 577 F.2d 683, 687 (10th Cir.1978) *citing Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

*In re Cohen*, 47 B.R. 871, 873–74 (Bkrtcy. Fla.,1985).

Specific grounds for denying a discharge to a Chapter 7 Debtor are set forth in 11 U.S.C. § 727(a).[3] In pertinent part, § 727(a) provides as follows:

**2.** This court respectively questions the rationale of *Womble v. Pher Partners*, 299 B.R. 810 (N.D.Texas 2003) and its conclusion that because there are sufficient similarities between the three year look back provision in § 507(a)(8)(I)(to which *Young, supra,* applied equitable tolling during the time Debtor was in an intervening Chapter 13 case) and the one year look back period for discharge exception under § 727(a)(2), similar treatment is dictated. *Womble v. Pher Partners*, 299 B.R. at 812. Among other things, § 727(a)(2)

is not a time period that applies to any one creditor like § 507(a)(8)(I), nor is it designed to protect any one creditor or class of creditors. However, because an objection under § 727(a)(2) is not pending in this case, this issue is not addressed here.

**3.** Exceptions to the dischargeability of specific debts are enumerated in 11 U.S.C. § 523(a).

(a) The court shall grant the debtor a discharge unless–

\* \* \* \* \* \*

(8) the debtor has been granted a discharge under this section, under Section 1141 of this title, or under Section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition.[4]

■ Section 727(a)(8) precludes a debtor from obtaining multiple Chapter 7 discharges more frequently than at six year intervals. The section seeks to prevent creation of a class of habitual debtors who would rid themselves of their debts by going through bankruptcy every time they found themselves unable to pay their debts. *In re Mendoza,* 16 B.R. 990, 993 (Bkrtcy.Cal.1982). In short, the purpose of § 727(a)(8) is to prevent the frequent use of Chapter 7 to avoid honest debt. *In re Canganelli,* 132 B.R. 369, 379 (Bkrtcy. N.D.Ind.1991), *citing Perry v. Commerce Loan Co.,* 383 U.S. 392, 399, 86 S.Ct. 852, 856–57, 15 L.Ed.2d 827 (1966)(interpreting Bankruptcy Act § 14(c)(5)); *Turner v. Boston,* 393 F.2d 683, 685 (9th Cir.1968)(interpreting Bankruptcy Act § 14(c)(5)).

Unlike §§ 546(a)(1), 548(a)(1) and 549(d), § 727(a)(8) is not a statute of limitations for the assertion of some right by a creditor, the trustee or a debtor in possession. It is neither a limitations period for action by a party nor like the three year look back period for tax claim priority under § 507(a)(8)(A)(I). Section 727(a)(8) does not make a debtor ineligible to file a bankruptcy petition for a period, such as the 180 day period provided under 11 U.S.C. § 109(g) which allows secured creditors time to enforce their lien rights in certain circumstances. A debtor is permitted to file a new Chapter 7 petition within the six year waiting period, thus triggering the automatic stay and the administration of a debtor's nonexempt assets by a trustee, although the debtor will not receive a discharge.

Nothing in the statute or legislative history indicates that § 727(a)(8) was intended to be a deadline for a creditor or class of creditors to assert claims. Claims may always be filed in a bankruptcy case.

As written, § 727(a) is all or nothing. The plain meaning of § 727(a) is to discharge all of a debtor's dischargeable debts, existing on the petition date, unless one of the disqualifications in subparagraphs (1) through (10) apply. If a disqualification applies, none of a debtor's debts are discharged. Tidewater seeks to have the court apply § 727(a)(8) in a manner that could vary its effect on individual creditors depending on the date their claims arose. A debtor's discharge in a second Chapter 7 case might apply, or not apply, to particular dischargeable claims depending on whether the claim holder was eligible to invoke equitable estoppel based on a prior Chapter 13 case. Such a disparate result would convert the disqualifications of a debtor from a discharge into a dischargeability test for particular claims. The court declines to adopt such a distortion of the uniform effect and plain meaning of § 727(a).[5]

---

**4.** 11 U.S.C. § 727(a)(9) provides a six year waiting period for a Chapter 7 discharge after a Debtor has been granted a discharge in a Chapter 13 or Chapter 12 case, unless payments under the plan totaled 100% of allowed claims or 70% of such claims and the plan was proposed by the Debtor in good faith and with the Debtor's best effort. It is undisputed that Williams did not complete payments under a plan and obtain a discharge in any of her Chapter 13 cases.

**5.** The Court notes that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Act of 2005") extends the time period under § 727(a)(8) to eight years. This exten-

■ Bankruptcy Code provisions should be interpreted based on their "plain meaning." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In neither the language of § 727(a)(8) nor its legislative history is there any support for Plaintiff's request to apply equitable tolling to § 727(a)(8). Section 727(a)(8) does not provide a creditor or class of creditors with a six year right to do anything. Creditors are not the intended beneficiaries of the statute. Rather, the section conditions one benefit a debtor may receive through bankruptcy. By tying the six year time period directly to the dates of filing, § 727(a)(8) creates a specific statutorily defined time frame.

The Supreme Court has stated that "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly,* 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). The imposition of equitable tolling is inconsistent with the plain text of § 727(a)(8), and it would alter the statute's plain meaning by converting it to a limitations period for assertions of rights by creditors. *See In re Bevis,* 242 B.R. 805, 810 (Bkrtcy.D.N.H.1999)(declining to apply equitable tolling to one year period under § § 727(e)(1) or (e)(2) for bringing § § 727(d)(1) or (d)(2) revocation of discharge actions because it would "eviscerate the plain meaning of such language").

■ Even if equitable tolling was potentially applicable, which the court has found it is not, it would not be appropriate to apply equitable tolling based on Tidewater's own inaction. Notwithstanding the filing of Debtor's three chapter 13 bankruptcy cases, Tidewater has had over three years and six months during which the Debtor was not in bankruptcy to collect on it debt. Tidewater reduced its claim to judgment in July, 2001. Even after dismissal of the 2001 Chapter 13 case in September 2003, Tidewater had over six months to execute before the present case was filed. In short, Tidewater has had time to enforce its judgment. Tolling is inappropriate when a claimant has voluntarily chosen not to protect its rights[6] within the limitations period. *Young v. U.S.,* 535 U.S. 43, 53, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002).

### III. *CONCLUSION*

For all of the foregoing reasons, equitable tolling shall not be applied to the time periods in which Debtor was in her three Chapter 13 cases, and Tidewater's claim under 11 U.S.C. § 727(a)(8) fails. Tidewater's Summary Judgment Motion will therefore be denied. Conversely, because the Court finds that equitable tolling is not applicable, and because the entirety of Tidewater's discharge action rests on application of equitable tolling to § 727(a)(8), summary judgment will be granted in favor of the Debtor.

---

sion is significant. Congress revisited the section and extended the time period between discharge without any qualification for intervening Chapter 13 cases, which are still allowed, although discharge may not be available. *See* 11 U.S.C. § 1328(f), as amended by the Act of 2005.

**6.** There has been no allegation of bad faith or fraud made by Tidewater against Williams relative to either Chapter 7 case or any of the three Chapter 13 filings. Thus, there is no

basis for imposition of equitable tolling resulting from trickery or other actions by Debtor which may have induced Tidewater into inaction to its detriment. *See In re Randall's Island Family Golf Centers,* 288 B.R. 701, 704 (Bankr.S.D.N.Y.2003), *citing Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 1041, 152 L.Ed.2d 79 (2002); *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that Tidewater's Motion for Summary Judgment is DENIED; and it is further

ORDERED that summary judgment is GRANTED in favor of Debtor Deborah Williams; and it is further

ORDERED that Tidewater's objection to Debtor's discharge under 11 U.S.C. § 727(a)(8) is OVERRULED.